**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Jay Connor,<br><br>               Plaintiff,<br><br>   v.<br><br>Complete Reservation Solutions, LLC, Sean Engler, Individually, Leonides Ramirez, Individually, and John Doe,<br><br>               Defendants. | Case No. 2:21-cv-02151-JD-MGB<br><br><br>**MOTION TO DISMISS**<br>**AND ANSWER** |

### MOTION TO DISMISS[1]

NOW COME Defendants Complete Reservation Solutions, LLC, Sean Engler, and Leonides Ramirez (collectively, "Defendants"), by and through counsel and through counsel and pursuant to Fed. R. Civ. P. 12(b)(2), and hereby move for dismissal of Plaintiff Jay Connor's Complaint for lack of personal jurisdiction.

### ANSWER

Defendants, as and for their Answer to the Verified Complaint ("Complaint") of Plaintiff Jay Connor ("Plaintiff"), in the above-entitled matter, deny each and every allegation in the Complaint, unless otherwise admitted or qualified in this Answer, and state and allege as follows:

1.      Defendants admit Plaintiff purports to bring this action for alleged violations of 47 U.S.C. § 227 and S.C. Code § 37-21.  Defendants deny all alleged violations of law, cited or otherwise and deny any wrongdoing.

---

[1] Defendants are including a motion to dismiss with their answer for preservation purposes.  *See* Fed. R. Civ. P. 12(h)(1)(B).  Defendants will separately file a motion to include all supporting documents and memoranda in compliance with Local Civil Rule 7.04.

2.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 and therefore deny those allegations.

3.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 and therefore deny those allegations.

4.      Defendants admit paragraph 4.

5.      Defendants admit paragraph 5.

6.      Defendants admit paragraph 6.

7.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 and therefore deny those allegations.

8.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 and therefore deny those allegations.

9.      Defendants admit paragraph 9.

10.     Defendants admit paragraph 10.

11.     Defendants admit paragraph 11.

12.     Defendants admit paragraph 12.

13.     Defendants deny paragraph 13.

14.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 and therefore deny those allegations.

15.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 and therefore deny those allegations.

16.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 and therefore deny those allegations.

17.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 and therefore deny those allegations.

18.     Defendants deny paragraph 18.

19.     Defendants deny paragraph 19.

20.     Defendants deny paragraph 20 as an incomplete and/or inaccurate statement of law.

21.     Defendants deny paragraph 21 as an incomplete and/or inaccurate statement of law.

22.     Defendants deny paragraph 22 as an incomplete and/or inaccurate statement of law.

23.     Defendants deny paragraph 23 as an incomplete and/or inaccurate statement of law.

24.     Defendants deny paragraph 24 as an incomplete and/or inaccurate statement of law.

25.     Defendants deny paragraph 25 as an incomplete and/or inaccurate statement of law.

26.     Defendants deny paragraph 26 as an incomplete and/or inaccurate statement of law.

27.     Defendants deny paragraph 27 as an incomplete and/or inaccurate statement of law.

28.     Defendants deny paragraph 28 as an incomplete and/or inaccurate statement of law.

29.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 and therefore deny those allegations.

30.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 and therefore deny those allegations.

31.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 and therefore deny those allegations.

32.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 and therefore deny those allegations.

33.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 and therefore deny those allegations.

34.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 and therefore deny those allegations.

35.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 and therefore deny those allegations.

36.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 and therefore deny those allegations.

37.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 and therefore deny those allegations.

38.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 and therefore deny those allegations.

39.     Defendants admit only that Plaintiff filed a complaint against CRS in Charleston County Small Claims Court.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 39 and therefore deny those allegations.

40.     Defendants deny paragraph 40.

41.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 and therefore deny those allegations.

42.     Defendants deny paragraph 42 as an incomplete and/or inaccurate statement of law.

43.     Defendants deny paragraph 43 as an incomplete and/or inaccurate statement of law.

44.     Defendants deny paragraph 44 as an incomplete and/or inaccurate statement of law.

45.     Defendants deny paragraph 45 as an incomplete and/or inaccurate statement of law.

46.     Defendants deny paragraph 46 as an incomplete and/or inaccurate statement of law.

47.     Defendants deny paragraph 47 as an incomplete and/or inaccurate statement of law.

48.     Defendants deny paragraph 48 as an incomplete and/or inaccurate statement of law.

49.     Defendants deny paragraph 49 as an incomplete and/or inaccurate statement of law.

50.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 and therefore deny those allegations.

51.     Defendants deny paragraph 51.

52.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 and therefore deny those allegations.

53.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 and therefore deny those allegations.

54.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 and therefore deny those allegations.

55.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 and therefore deny those allegations.

56.     Defendants deny paragraph 56 as an incomplete and/or inaccurate statement of law.

57.     Defendants deny paragraph 57.

58.     Defendants deny paragraph 58.

59.     Defendants deny paragraph 59 as an incomplete and/or inaccurate statement of law.

60.     In response to paragraph 60, Defendants re-allege and incorporate by reference the responses set forth in the preceding paragraphs as if fully set forth herein.

61.     Defendants deny paragraph 61.

62.     Defendants deny paragraph 62.

63.     Defendants deny paragraph 63.

64.     Defendants deny paragraph 64.

65.     In response to paragraph 65, Defendants re-allege and incorporate by reference the responses set forth in the preceding paragraphs as if fully set forth herein.

66.     Defendants deny paragraph 66.

67.     Defendants deny paragraph 67.

## ADDITIONAL DEFENSES

68.     The Court lacks personal jurisdiction over Defendants and, therefore, this action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

69.     Plaintiff fails to state a claim upon which relief can be granted and, therefore, Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

70.     Upon information and belief, Plaintiff has failed to join one or more necessary party(ies) to this action and, therefore, Plaintiff's claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(7).

71.     Except as expressly admitted herein, Defendants deny all allegations in Plaintiff's Complaint.

72.     Plaintiff's Complaint and purported claims for relief are barred because Plaintiff sustained no injury or damage as a result of any act or omission of or by any Defendant.

73.     If any action or inaction of any Defendant violated any statute, which Defendants specifically deny, the action or inaction was not intentional or willful.

74.     Plaintiff's claims for relief are barred in whole or in part because Defendants at all times acted in a reasonable manner and in good faith.

75.     To the extent Plaintiff has been damaged, which Defendants specifically deny, Plaintiff has failed to mitigate those damages and therefore should not be able to recover any unmitigated damages from any Defendant.

76.     Defendants contend they did not engage in any conduct that was outrageous, intentional, or malicious, or done with reckless disregard with respect to Plaintiff.  Defendants also alleged they never engaged in any knowing, willful, or fraudulent conduct with respect to Plaintiff.

77.     CRS and Plaintiff shared an "established business relationship" as defined by S.C. Code § 37-21-20(2).

78.     To the extent Plaintiff asserts a violation of S.C. Code § 37-21-50, such claim fails because that statute is pre-empted and/or otherwise unconstitutional.  The undersigned is currently counsel in a case challenging this statute's constitutionality.  *See United Resource Systems, Inc. v. Alan Wilson, in his official capacity as the Attorney General of South Carolina*, Case No. 3:21-cv-00364-JFA (D.S.C.).

79.     To the extent Plaintiff asserts a violation of S.C. Code § 37-21-40, such claim fails because that statute is unconstitutional.

80.     To the extent Plaintiff asserts a violation of S.C. Code § 37-21-70, such claim fails because that statute is unconstitutional.

81.     Defendants reserve the right to assert any other defenses that may become available during discovery proceedings or otherwise in this case, and hereby reserve the right to amend their answer to assert any such defenses.

WHEREFORE, Defendants respectfully ask this Court dismiss this action, award Plaintiff nothing, tax all costs and fees to Plaintiff, award Defendants' their attorneys' fees in defending this action (if and to the extent permissible by law), and provide such other and further relief as the Court deems just and proper.

Dated: November 1, 2021                    Respectfully submitted,

                                           /s/ Chad V. Echols
                                           Chad V. Echols (Fed I.D. 9810)
                                           David A. Grassi, Jr. (Fed I.D. 12963)
                                           The Echols Firm, LLC
                                           PO Box 12645
                                           Rock Hill, SC 29731
                                           Phone: (803) 329-8970
                                           Email: chad.echols@theecholsfirm.com
                                           Email: david.grassi@theecholsfirm.com

                                           *ATTORNEYS FOR DEFENDANTS*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the foregoing document has been sent via this Court's e-filing system and forwarded via United States Mail this 1st day of November, 2021 to:

Jay C. Connor
215 East Bay Street 201-F
Charleston, SC 29401

/s/ Chad V. Echols
The Echols Firm, LLC